DOWNEY BRAND LLP
WILLIAM R. WARNE (Bar No. 141280)
MICHAEL J. THOMAS (Bar No. 172326)
APARNA RAJAGOPAL-DURBIN (Bar No. 218519)
621 Capitol Mall, 18th Floor
Sacramento, CA  95814-4731
Telephone:    (916) 444-1000
Facsimile:     (916) 444-2100
bwarne@downeybrand.com
mthomas@downeybrand.com
adurbin@downeybrand.com

Attorneys for Plaintiff
AtPac, Inc., a California corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AtPac, Inc., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>Aptitude Solutions, Inc., a Florida corporation, County of Nevada, a California County, and Gregory J. Diaz, an individual,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff AtPac, Inc., a California corporation ("AtPac" or "Plaintiff") by and through its attorneys and for its Complaint against Defendants Aptitude Solutions, Inc. ("Aptitude"), a Florida corporation, County of Nevada ("Nevada County"), a California County, and Greg Diaz, an individual ("Diaz") (collectively "Defendants"), alleges as follows:

1. This lawsuit arises from local software provider AtPac's discovery that Defendants, including AtPac's long-time client Nevada County, breached contractual obligations, misappropriated AtPac's trade secrets, infringed AtPac's copyrights, and unlawfully accessed, used, and disclosed AtPac's proprietary information.  In 1999, AtPac agreed to provide Nevada County with software and related services to help Nevada County electronically maintain and organize public information.  Now, a decade later, AtPac has discovered that contrary to express

representations made by the County Clerk-Recorder, Greg Diaz, Nevada County, Diaz, and Aptitude have accessed, copied, and used AtPac's trade secret information and copyrighted software. Specifically, Diaz and Nevada County have provided the County's new software provider, Aptitude, with direct and unfettered access to AtPac's software and source code. Furthermore, Nevada County employees openly posted AtPac's trade secret information and copyrighted screen shots on a publicly available "DocuShare" site known as "Aptitude FTP" and e-mailed confidential and proprietary screen shots and other information to Aptitude, at Aptitude's direction and request.

2. Not only are Nevada County's actions in direct violation of its contract with AtPac, but Defendants' actions constitute trade secret misappropriation, copyright infringement, and a violation of the Computer Fraud and Abuse Act. Defendants must be enjoined from benefiting from their infringement and misappropriation and must pay for the damages caused by their unlawful actions.

## I.   THE PARTIES

3. Plaintiff AtPac is a California corporation duly authorized to conduct business in the State of California. AtPac's principal place of business is in Auburn, California. At the time of the acts alleged herein, AtPac's principal place of business was in Grass Valley, California. AtPac is in the business of providing, *inter alia*, software and consulting services relating to county clerk-recorder information imaging systems, which are computer-based systems designed, among other things, to electronically receive, store, and organize information that is normally within the purview of a county clerk-recorder (such as, for example, marriage license information) and store images of relevant documents associated with such information. AtPac's clerk-recorder imaging information software is distributed under the mark $CRiis^{TM}$. AtPac has provided its $CRiis^{TM}$ software, consulting services, and related products to numerous counties in the State of California, including Defendant Nevada County.

4. AtPac is informed and believes, and on that basis alleges, that Defendant Aptitude is a Florida corporation that is also engaged in the business of providing clerk-recorder imaging information software and related products and services. AtPac is further informed and believes,

1  and on that basis alleges, that Aptitude is, and at all times relevant hereto was, conducting
2  business in the State of California, and specifically, in Nevada County.
3      5.   Defendant Nevada County is a county within California. The county seat of
4  Nevada County is in Nevada City, California.
5      6.   AtPac is informed and believes, and on that basis alleges, that Defendant Greg
6  Diaz is a citizen presently domiciled and residing in Nevada County or within this judicial
7  district.  AtPac is informed and believes, and on that basis alleges, that Greg Diaz is, and at all
8  times relevant hereto was, the Clerk-Recorder of Nevada County.
9      7.   AtPac is informed and believes and thereon alleges that, at all times herein
10 mentioned, each of the Defendants was the agent and/or employee of each of the remaining
11 defendants and, in doing the things hereinafter alleged, was acting in the course and scope of such
12 agency and/or employment.

## II.   JURISDICTION

8.   This court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. §1338 (a), because this action arises under the Copyright Act of 1976, 17 U.S.C. §101 *et seq.* This court also has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*

9.   This court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiff's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

10.  Personal jurisdiction in this Court is proper because Defendants are domiciled in the State of California and/or have sufficient minimum contacts with the State of California to confer jurisdiction upon this Court such that the maintenance of this suit does not offend traditional notions of fair play and substantial justice.

## III.   VENUE

11.  Venue in this Court is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district, and

because all defendants reside in this judicial district. Specifically, venue in this Court is proper as to the allegations against Aptitude because it is subject to personal jurisdiction in this district, and therefore resides in this district.

## IV.   FACTUAL BACKGROUND

12. In 1999, Nevada County entered into an agreement with AtPac to license AtPac's *CRiis*™ clerk-recorder imaging information systems software and related products and services (hereinafter "the License Agreement.").

13. Various provisions of the License Agreement – including provisions related to the scope of services and the fees – were amended between 2001 and 2006. The most recent amendment extended the term of the License Agreement to June 30, 2010.

14. Section 2.2 of the License Agreement, entitled "Proprietary Rights; Non-disclosure," provides, in relevant part:

> [AtPac], the originator of the package (products), retains title to the package. [Nevada County] acknowledges that the package (software programs, scripts, macros, documentation, user manuals, help files, and other materials) supplied by [AtPac] to [Nevada County] are subject to the proprietary rights of [AtPac], are trade secrets of [AtPac] and are protected by civil and criminal law. [Nevada County] will use its best efforts to carefully and continuously protect the confidentiality of said trade secrets and will not release or disclose them to third parties.

15. Section 2.3 of the License Agreement, entitled "Notice of Rights," provides, in relevant part, "copies of the [*CRiis*™] package shall only be made as expressly provided by this Agreement."

16. Section 2.4 of the License Agreement, entitled "Notice of Unauthorized Use," provides, in relevant part:

> [Nevada County] shall notify [AtPac] immediately of known or suspected unauthorized use, access, or possession of the [*CRiis*™] package or any part thereof. [Nevada County] shall assist [AtPac] in the protection of its proprietary rights by permitting representatives of [AtPac] to inspect at all reasonable times any location at which [the *CRiis*™] package is used or kept, or may be located or kept.

17. Section 2.5 of the License Agreement, entitled "Reproduction," provides, in relevant part:

> Unless otherwise provided in writing, all documents provided to [Nevada County] per this Agreement may not be reproduced by [Nevada County]. Additional copies of user documentation may be obtained from [AtPac]. Documentation shall only be given to employees [of Nevada County], for internal use, subject to all the terms and conditions of this Agreement.

18. Section 2.6 of the License Agreement, entitled "Copies; Audit," provides, in relevant part, that Nevada County "agrees to make its facilities available upon written notice for inspection and audit at the cost of [AtPac] for determination of the number of copies and, or license locations."

19. Section 2.8 of the License Agreement, entitled "Duty upon Termination," provides, in relevant part:

> Upon expiration or termination of this Agreement, [Nevada County] will return the package to [AtPac] and all materials of a confidential and, or proprietary nature, as well as any and all copies of the same, and all property (tangible or intangible) belonging to [AtPac]; or, will certify to [AtPac] in writing through the best efforts of [Nevada County]; and to the best of [Nevada County's] knowledge, the original and all copies, in whole or in part, in any form, of the package . . . have been destroyed.

20. Section 2.16 of the License Agreement, entitled "Attorney's Fees," provides that in any legal claim commenced by either AtPac or Nevada County "for the enforcement of [the License Agreement] or because of an alleged dispute, breach or default under [the License Agreement], the prevailing party shall be entitled to the recover of reasonable attorney's fees and other cost in addition to all other relief to which said party may be entitled."

21. Section 2.17 of the License Agreement, entitled "Injunctive Relief," provides, in relevant part:

> If [Nevada County] attempts to use, copy, license, or convey the items supplied by [AtPac] under the terms and conditions of this Agreement, in a manner contrary to this Agreement or the terms of any collateral Agreement, or in derogation of [AtPac's] proprietary rights, whether these rights are explicitly stated in this Agreement or are determined by law, [AtPac] shall have, in addition to any other remedies available to it, the right to injunctive relief enjoining such action. [Nevada County] acknowledges that [AtPac's] other remedies are inadequate.

22. Section 2.22 of the License Agreement, entitled "Governing Law," provides that

1  the License Agreement is governed by the laws of the State of California.

2  23. In November, 2008, Defendant Diaz, who was at the time the Clerk-Recorder of Nevada County, notified AtPac that Nevada County intended to terminate the License Agreement with AtPac and retain the services of Defendant Aptitude. Although AtPac offered to assist Nevada County in extracting data from AtPac's trade secret files and converting the data into a format acceptable to Aptitude, Nevada County refused the offer.

24. In connection with Nevada County's termination of its License Agreement with AtPac, Diaz expressly represented and promised, both verbally and in writing, that Nevada County would extract data from AtPac's trade secret files on its own, and that Nevada County would not provide AtPac's trade secret, confidential or proprietary information to Aptitude or "utilize, save, or preserve" AtPac's trade secret, confidential or proprietary information.

25. Specifically, in a letter dated January 8, 2009, Diaz wrote as follows:

> Nevada County will be extracting the County's official records and clerk records data from AtPac's CRiis system data files. . . . Nevada County will dump the data to flat files and extract individual data elements from those files. We have no intention of utilizing, saving, or preserving AtPac's tables in their current format for future use. Aptitude Solutions will be working only with the extracted flat files to perform data conversion and will not be using, saving, or preserving table or schema from AtPac.

26. AtPac is informed and believes, and on that basis alleges, that on January 8, 2009, Diaz asked Nevada County to ratify an Indemnification Agreement providing that Nevada County would indemnify Aptitude for claims related to "extraction and migration of County data for the system conversion." Diaz's request was approved by Nevada County on January 13, 2009.

27. AtPac is informed and believes, and on that basis alleges, that as evidenced, in part, by the indemnification agreement between Aptitude and Nevada County, Defendants, and each of them, were fully aware and informed that AtPac's *CRiis*™ software and related materials were confidential and proprietary information owned by AtPac and that Nevada County and Diaz were not authorized to access, disclose, copy, perform or use the software in excess of the limited authorization provided to Nevada County in the License Agreement, and were not authorized to disclose or grant access to the *CRiis*™ software and related materials to Aptitude or any other

third party.

28. AtPac is informed and believes, and on that basis alleges, that contrary to Nevada County and Diaz's representations and promises, Nevada County did not perform the data extraction itself, and instead provided AtPac's trade secret information and works protected by copyright laws to Aptitude for extraction and conversion of the data, and without AtPac's authorization.

29. AtPac is informed and believes, and on that basis alleges, that Diaz and Nevada County provided AtPac's trade secret information and works protected by copyright laws to Aptitude through e-mail communications, at Aptitude's direction and request, and without AtPac's authorization.

30. AtPac is informed and believes, and on that basis alleges, that Diaz and Nevada County provided AtPac's trade secret information and works protected by copyright laws to Aptitude through a Docushare file transfer protocol site entitled "Aptitude FTP" that was accessible by not only Aptitude, but by the general public at large, and without AtPac's authorization.

31. AtPac is informed and believes, and on that basis alleges, that Diaz and Nevada County have copied and disclosed AtPac's confidential, trade secret and copyright protected data files (including its .idx and .dat files) to Aptitude at Aptitude's direction and request, and without AtPac's authorization.

32. AtPac is informed and believes, and on that basis alleges, that Diaz and Nevada County have copied and disclosed forms that AtPac has developed at its own expense and which have been approved for use under applicable California laws and by various counties (including Nevada County) to Aptitude at Aptitude's direction and request, and without AtPac's authorization.

33. AtPac is informed and believes, and on that basis alleges, that Diaz and Nevada County have copied and disclosed images of graphical user interfaces within the *CRiis*™ application (including screen prints and electronic images of screen prints), to Aptitude at Aptitude's direction and request, and without AtPac's authorization.

34. AtPac is informed and believes, and on that basis alleges, that Diaz and Nevada County have provided Aptitude with full and unfettered access to the server located in Nevada County's offices on which AtPac's trade secret information and works protected by copyright laws (including the $CRiis^{TM}$ source code) are stored, and without AtPac's authorization.

35. AtPac is informed and believes, and on that basis alleges, that Nevada County has maintained and continues to maintain copies of AtPac's trade secret information and works protected by copyright laws (including copies on computer hard drives, servers, and back-up tapes).

36. Diaz and Nevada County have refused to permit AtPac to delete its trade secret information and works protected by copyright laws from computers, servers, and back-up tapes located in Nevada County's offices.

37. Specifically, although AtPac attempted to exercise its right to inspect the computers, servers, and back-up tapes (including access logs located therein) at Nevada County's offices in order to ascertain the extent to which its trade secret information and copyrighted works have been accessed, used, or copied by Nevada County and/or Aptitude, Nevada County refused to permit such inspection and refused to permit AtPac to remove its proprietary information from said locations.

38. AtPac is informed and believes, and on that basis alleges, that Nevada County, Diaz, and Aptitude have accessed, disclosed, copied, displayed, performed, and used AtPac's trade secret information and works protected by copyright laws, without AtPac's authorization.

39. To the extent the requirements of the California Government Claims Act apply to any of AtPac's claims for relief herein, AtPac has complied with such requirements, if any.

///
///
///
///
///
///

# V. CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### (Breach of Contract Against Nevada County)

40. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 39, inclusive, of this Complaint and by reference thereto incorporates the same herein as though set forth in full.

41. AtPac and Nevada County entered into the License Agreement, which included the above-referenced provisions.

42. AtPac did all, or substantially all, of the significant things that the License Agreement required of it, or was excused from performing the same, and all of the conditions required by the License Agreement for Nevada County's performance had occurred.

43. AtPac is informed and believes, and on that basis alleges, that by virtue of the foregoing, Nevada County failed to perform or comply with its obligations under the License Agreement and has breached and continues to breach the License Agreement.

44. Specifically, among other things:

   a. Nevada County has failed to use its best efforts to carefully and continuously protect the confidentiality of AtPac's trade secrets and has released or disclosed them to third parties, in violation of Section 2.2 of the License Agreement.

   b. Nevada County has made copies of all or part of the *CRiis*™ package that were not expressly authorized by the License Agreement, in violation of Section 2.3 of the License Agreement;

   c. Nevada county failed to immediately notify AtPac that it or Aptitude were engaging in the unauthorized use, access, and/or possession of the *CRiis*™ package, or any part thereof, and has failed to assist AtPac in the protection of AtPac's proprietary rights by refusing to permit AtPac's representatives to reasonably inspect any locations on which its proprietary materials were or are located or kept, in violation of Sections 2.4 and 2.6 of the License Agreement;

    d. Nevada County has reproduced documents provided by AtPac, has given copies of such documents to non-employees, and has used such copies for use outside the scope of the License Agreement, in violation of Section 2.5 of the License Agreement;

    e. Nevada County failed to return and/or destroy all copies of AtPac's trade secret information and works protected by copyright laws that are in Nevada County's possession, including software, screen images, and data files, in violation of Section 2.8 of the License Agreement.

45. By virtue of the foregoing, and as a direct and proximate result of Nevada County's breach, AtPac has been damaged in an amount to be determined at trial and in excess of the jurisdictional minimum of this court.  In addition, AtPac has incurred and will continue to incur additional damages, costs and expenses, as well as attorneys' fees.

46. Furthermore, AtPac is informed and believes, and on that basis alleges, that Nevada County has attempted to access, use, copy, disclose, perform, or convey the confidential and proprietary items supplied by AtPac under the terms and conditions of the License Agreement, in a manner contrary to the License Agreement and in derogation of AtPac's proprietary rights.  Accordingly, AtPac is entitled to injunctive relief pursuant to Section 2.17 of the License Agreement, and as otherwise authorized by law.

47. Irrespective of the injunctive relief provision in Section 2.17 of the License Agreement, by virtue of its conduct, Nevada County has caused and unless such acts and practices are enjoined by the court, will continue to cause, immediate and irreparable harm to AtPac for which there is no adequate remedy at law.

### SECOND CLAIM FOR RELIEF

**(Misappropriation of Trade Secrets/Cal. Civ. Code § 3426 *et seq.* Against All Defendants)**

48. AtPac repeats and realleges the allegations contained in paragraphs 1 through 47, inclusive, of this Complaint and by reference thereto incorporates the same herein as though set forth in full.

49. AtPac is the owner of the *CRiis*™ software and all related materials, which comprise confidential and proprietary records, information and trade secrets of AtPac.

50. The foregoing conduct of Defendants constitutes a misappropriation of AtPac's proprietary and confidential records, information, and trade secrets in violation of the Uniform Trade Secrets Act as adopted in California.

51. The proprietary and confidential information misappropriated by Defendants has actual or potential independent economic value from not being generally known to the public or other persons who could obtain economic value from its disclosure or use. AtPac is informed and believes, and on that basis alleges, that Defendants knew of the value of this information.

52. AtPac has made efforts that are reasonable under the circumstances to maintain the secrecy of the proprietary and confidential information that was misappropriated by Defendants.

53. AtPac is informed and believes and on that basis alleges that Defendants, by virtue of the License Agreement and other limitations on access to the proprietary and confidential information, and as evidenced by the aforementioned indemnity agreement between Nevada County and Aptitude, knew the proprietary and confidential nature of AtPac's information and that it constituted trade secrets of AtPac.

54. AtPac is informed and believes and on that basis alleges that Defendants knew that the proprietary and confidential information and trade secrets of AtPac were obtained by improper means and acquired under circumstances giving rise to a duty to maintain its secrecy.

55. AtPac is informed and believes and on that basis alleges that Defendants have misappropriated, acquired, used, accessed, and disclosed, and unless restrained will continue to misappropriate, acquire, use, access, and disclose AtPac's proprietary and confidential information and trade secrets to their benefit and to the detriment of AtPac.

56. As a direct and proximate result of Defendants' acts, AtPac has suffered and will continue to suffer damage in an amount to be proven at trial.

57. AtPac is informed and believes and on that basis alleges that Defendants' conduct was willful and malicious, and, therefore, justifies an award of exemplary damages, and attorneys' fees.

58. Furthermore, by virtue of their conduct, Defendants have caused and unless such acts and practices are enjoined by the court, will continue to cause, immediate and irreparable harm to AtPac for which there is no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

**(Copyright Infringement Against All Defendants)**

59. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 58, inclusive, of this Complaint and by reference thereto incorporates the same herein as though set forth in full.

60. At all times relevant to this Complaint, AtPac has been and still is the owner and proprietor of all rights, title and interest in the *CRiis*™ software and related materials.

61. Version 3.9 of the *CRiis*™ software contains material originating with AtPac that constitutes copyrighted subject matter under the copyright laws of the United States.

62. Specifically, AtPac is the owner of the right, title, and interest, in the copyright to version 3.9 of the *CRiis*™ software, which was duly issued by U.S. Copyright Office, Registration No. TXu1-630-807.

63. AtPac is informed and believes, and on that basis alleges, that Nevada County and Diaz had access to AtPac's copyright protected works, and that Nevada County and Diaz provided Aptitude with access to AtPac's copyrighted works.

64. AtPac is informed and believes, and on that basis alleges, that with full knowledge of AtPac's rights, Nevada County has copied, displayed, and/or performed all or portions of version 3.9 of the *CRiis*™ software that constitute copyrighted subject matter, without AtPac's consent, approval or license.

65. AtPac is informed and believes, and on that basis alleges, that Nevada County had and has the right and ability to supervise the infringing activity, as well as a direct financial interest in such activity.

66. AtPac is informed and believes, and on that basis alleges, that Diaz and Aptitude had and have knowledge or reason to know of the direct infringement of AtPac's copyrights, and have substantially participated in the infringing activities.

1052807.4

12

COMPLAINT FOR DAMAGES

1    67.    AtPac is informed and believes, and on that basis alleges, that Defendants' acts violate AtPac's exclusive rights under section 106 of the Copyright Act of 1976, 17 U.S.C. §106, and constitute direct, vicarious, and/or contributory infringement of AtPac's copyrights.

68.    As a direct and proximate result of Defendants' acts, AtPac has been damaged. AtPac is therefore entitled to its actual damages under 17 U.S.C. § 504, including Defendants' direct and indirect profits.

69.    AtPac is informed and believes, and on that basis alleges, that Defendants' past and continuing activities constitute a willful and deliberate infringement of AtPac's copyright. Defendants have acted willfully because they knew that AtPac had and continues to own the copyright in version 3.9 of the *CRiis*™ software. AtPac is entitled to statutory damages under 17 U.S.C. § 504.

70.    Furthermore, by virtue of their conduct, Defendants have caused and unless such acts and practices are enjoined by the court, will continue to cause, immediate and irreparable harm to AtPac for which there is no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF

**(Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.* Against All Defendants)**

71.    AtPac repeats and realleges the allegations contained in paragraphs 1 through 70, inclusive, of this Complaint and by reference thereto incorporates the same herein as though set forth in full.

72.    The computer network (including computers and servers) used by Defendants on which AtPac's copyrighted works and trade secret information reside are used in or affect interstate commerce and communication, and therefore constitute "protected computers" under 18 U.S.C. §1030(e)(2).

73.    AtPac is informed and believes, and based thereon alleges, that Defendants have knowingly and intentionally accessed and continue to access the above-described protected computers without authorization or in excess of any authorization otherwise granted to them, in violation of 18 U.S.C. § 1030(a)(2)(c).

/ / /

74. AtPac is further informed and believes, and based thereon alleges, that Defendants have knowingly and with intent to defraud, accessed and continue to access the above-described protected computers without authorization or in excess of any authorization otherwise granted to them, and by means of such conduct have furthered and are furthering the intended fraud, and have thereby obtained something of value exceeding $5,000 in a single calendar year, in violation of 18 U.S.C. § 1030(a)(4).

75. AtPac is further informed and believes, and based thereon alleges, that Defendants have knowingly and intentionally accessed and continue to access the above-described protected computers without authorization or in excess of any authorization otherwise granted to them, and as a result of such conduct, caused damage and loss in violation of 18 U.S.C. § 1030(a)(5).

76. As a direct and proximate result of Defendants' acts, AtPac has been damaged. By virtue of Defendants' conduct, AtPac seeks damages and injunctive relief under 18 U.S.C. § 1030(g) in an amount to be proven at trial.

77. Furthermore, by virtue of their conduct, Defendants have caused and unless such acts and practices are enjoined by the court, will continue to cause, immediate and irreparable harm to AtPac for which there is no adequate remedy at law.

### VI. PRAYER FOR RELIEF

Wherefore, AtPac prays for the following:

1. Judgment in AtPac's favor and against Defendants;
2. For damages in an amount according to proof at trial;
3. For appropriate equitable relief under Section 2.17 of the License Agreement or as otherwise permitted by law, including a preliminary and permanent injunction enjoining Defendants' unlawful conduct;
4. For restitution and disgorgement of amounts Defendants have wrongfully obtained as a result of their actions;
5. For exemplary and punitive damages in an amount to be determined at trial;
6. For any statutory damages;
7. For attorneys' fees;

1   8.   For costs of suit;

2   9.   For such other and further relief as the Court deems just and proper.

4   DATED: February 3, 2010        DOWNEY BRAND LLP

6                               By: /s/ Michael J. Thomas
7                                   MICHAEL J. THOMAS
                                    Attorney for Plaintiff
8                                   AtPac, Inc., a California corporation

9                          **DEMAND FOR JURY TRIAL**

10   AtPac, Inc., hereby demands a jury trial. Fed. R. Civ. P. 38.

11   DATED: February 3, 2010        DOWNEY BRAND LLP

13                              By: /s/ Michael J. Thomas
14                                  MICHAEL J. THOMAS
                                    Attorney for Plaintiff
15                                  AtPac, Inc., a California corporation

1052807.4                    15

COMPLAINT FOR DAMAGES