IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ATPAC, INC.,

      Plaintiff,                                    No. CIV S-10-294 WBS KJM

      vs.

APTITUDE SOLUTIONS, INC., et al.,

      Defendants.                       <u>ORDER</u>

_____/

       Plaintiff's motion to compel and defendants' motion for protective order came on regularly for hearing September 15, 2010. Michael Schaps and Michael Thomas appeared for plaintiff. Nabil Abu-Assal appeared for defendants. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

       Defendants have objected to responding to any discovery predicated on their contention that California Code of Civil Procedure § 2019.210 requires plaintiff to first identify with reasonable particularity the trade secrets at issue in this litigation. Plaintiff contends that the California code section relied on by defendants is a procedural rule in conflict with the Federal Rules of Civil Procedure and that it is therefore inapplicable in this federal action. Plaintiff's position is well taken.

1   The court finds persuasive the reasoning in Hilderman v. Enea TekSci, Inc., 2010 WL 143440, at *2-*3 (S.D. Cal. Jan. 8, 2010).  In Hilderman, the court observed that section 2019.210 "*conditions* discovery regarding trade secrets on plaintiff['s] sufficiently identifying the trade secret," with the potential for plaintiff's being barred from discovery practice otherwise allowed by the Federal Rules.  Id. at *2.  Defendants' objection to responding to any discovery based on section 2019.210 demonstrates the conflict between the Federal Rules and the state discovery rule.  Absent the precondition imposed by section 2019.210, defendants are required to provide meaningful responses to the discovery at issue.  Moreover, plaintiff in this action has alleged not only trade secrets misappropriation, but also breach of contract and copyright infringement.  Plaintiff contends the discovery it seeks is relevant to all of its claims.

Given the conflict between the applicable federal and state rules, the federal rule applies unless it outside the scope of the Rules Enabling Act and unconstitutional.  Id. at *3.  The Federal Rules are presumptively constitutional and there has been no showing that Rule 26 does not comply with the Rules Enabling Act.  Id.  Section 2019.210 is inapplicable in this federal action and defendants' objection on that basis is overruled.  See also Funcat Leisure Craft, Inc. v. Johnson Outdoors, Inc., 2007 WL 273949 (E.D.Cal. Jan. 29, 2007); Proven Methods Seminars, LLC v. American Grants & Affordable Housing Institute, 2008 WL 282374 (E.D.Cal. Jan.31, 2008).

At the same time, the court finds that plaintiff's initial disclosure obligations under Federal Rule of Civil Procedure 26(a) require more specificity than plaintiff has thus far provided regarding the portions of source code plaintiff contends are trade secrets.  See generally, Fed. R. Civ. P. 26, Notes to 1993 Amendments, subdivision (a) (major purpose of revision is to accelerate exchange of basic information; enumeration of items to be disclosed does not prevent court from requiring additional information without discovery request).  At the hearing on this matter, plaintiff's counsel conceded plaintiff does not claim all of its source code is protected by trade secret.

Plaintiff will therefore be directed to make a more complete initial disclosure, consonant with its obligations under Federal Rule of Civil Procedure 26(a).

   Accordingly, IT IS HEREBY ORDERED that:

   1. Plaintiff's motion to compel (docket no. 32) is granted in part and denied in part.

   2. Defendants' motion for protective order (docket no. 31) is granted in part and denied in part.

   3. No later than October 1, 2010, plaintiff shall, as part of the initial disclosure required under Federal Rule of Civil Procedure 26(a), identify those portions of the AtPac CRiis™ source code that plaintiff alleges constitute trade secrets.

   4. No later than October 15, 2010, defendants shall respond to the propounded discovery without objection predicated on California Code of Civil Procedure § 2019.210.

   5. With respect to substantive responses to the propounded discovery, the motion to compel is denied without prejudice to its renewal after further meet and confer and the filing of a joint statement under Local Rule 251.

DATED: September 22, 2010.

_____
U.S. MAGISTRATE JUDGE

006
atpac.oah

3