IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ATPAC, INC.,

      Plaintiff,                                  No. CIV S-10-294 WBS KJM

      vs.

APTITUDE SOLUTIONS, INC., et al.,

      Defendants.                        ORDER

_____/

      Plaintiff's motion to compel came on regularly for hearing November 17, 2010. Michael Schaps and Michael Thomas appeared for plaintiff. Nabil Abu-Assal appeared for defendants. Upon review of all of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT ORDERS AS FOLLOWS:

      1. Any objections that defendants did not make in their initial responses to the discovery at issue are overruled. Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992).

      2. Defendants have failed to preserve their claim of privilege. See Fed. R. Civ. P. 26(b)(5)(A)(ii). Objections based on privilege, even if made in defendants' initial responses to discovery, are overruled.

3. The court finds further clarification of the meaning of technical terms used in the discovery requests is unnecessary. Defendants' objections to the discovery are moot in light of defendants' representation that all nonconfidential, nonprivileged responsive documents will be produced. See, e.g., Joint Statement at 34, 40. Because the objections based on confidentiality and privilege are overruled, defendants shall provide responsive documents, without objection, to all of the requests for production of documents propounded to all defendants, with the exception of request no. 49, which is now moot. Said production shall take place no later than December 17, 2010. Electronic documents shall be produced in native electronic format, as defined by plaintiff's counsel. The court specifically directs production of all responsive handwritten notes taken by all staff members of the Clerk-Recorder's Office, production of the 743 page printout created by Dan Evers, and complete unredacted copies of the computer logs known as "Red Hat Logs." If defendants have previously produced documents in response to public records requests, then those documents shall be Bates-stamped by defendants and defendants shall identify by Bates-stamped page number the documents defendants contend are responsive to particular document requests.

4. No later than December 17, 2010, defendants shall respond to the requests for admission with unqualified admissions or denials.

5. No later than November 19, 2010, plaintiff's counsel shall submit to the court a declaration, not to exceed two pages, of costs and fees incurred in connection with the motion to compel. The issue of an award under Federal Rule of Civil Procedure 37(a)(5) will thereafter stand submitted.

6. No later than December 1, 2010, the parties shall submit a joint proposed protective order, which shall apply prospectively. The protective order shall not apply to the discovery produced pursuant to the instant order on plaintiff's motion to compel. If the parties are unable to prepare a mutually agreeable protective order, each party shall submit its own proposed protective order.

7. The parties are reminded that discovery disputes should first be resolved through good faith meeting and conferring. L.R. 251(b). If no resolution can be reached, the parties may bring the matter before this court. In this case, all future discovery disputes should be summarized jointly by the parties in a letter brief not exceeding four pages. The joint letter brief must attest that, prior to filing the request for relief, counsel met and conferred personally or by phone, and must concisely summarize those remaining issues counsel were unable to resolve. The letter brief may cite to limited and specific legal authority only for resolution of the dispositive issues. The letter brief may not be accompanied by exhibits or affidavits; any excerpt of disputed discovery material must be set out verbatim in the letter. After receipt of the letter brief, the court will then advise the parties concerning whether additional briefing or a telephonic conference will be necessary.

DATED: November 18, 2010.

_____
U.S. MAGISTRATE JUDGE

006
atpac2.oah