1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATPAC, INC.,<br><br>        Plaintiff,<br><br>           v.<br><br>APTITUDE SOLUTIONS, INC., ET AL.,<br><br>        Defendants. | **Case No. 2:10-CV-00294-WBS-KJM**<br><br>**PROTECTIVE ORDER**<br>**ENTERED BY COURT** |

The court having considered the alternate forms of protective order submitted by the parties, and good cause showing, hereby enters the following Protective Order, which shall govern the pre-trial handling of documents:

### PROTECTIVE ORDER

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

Accordingly, in order to facilitate the exchange of information and documents which may be protected from disclosure by federal laws, state laws applicable in

federal litigation, and privacy rights, which may be protected from disclosure by privileges such as alleged trade secret protections, and/or which may be protected from disclosure on the grounds that the documents or information allegedly constitute confidential, financial or other proprietary information, the Court orders as follows:

## DEFINITIONS

1. <u>Challenging Party</u>:  A Party or Non-Party that challenges the designation of information or items under this Stipulation and [Proposed] Order Re Confidential Material ("Protective Order").

2. <u>Party</u>:  "Party" means any plaintiff or defendant in this action, including its or his parent, subsidiary, or affiliated entities, and its or his respective agents, officers, directors and employees.  AtPac and Defendants are collectively referred to as the "Parties."

3. <u>Material:</u>  "Material" means all documents, information, items, tangible things, pleadings, correspondence, discovery responses, writings, and testimony regardless of the medium or manner generated, stored or maintained (including, among other things, testimony, transcripts, or tangible things).

4. <u>Discovery Material</u>:  "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in response to discovery directed towards a Party or Non-Party in this matter.

5. <u>Designating Party</u>:  "Designating Party" means a Party or Non-Party that designates Material produced or utilized in this litigation by any Party or any Non-Party (pursuant to subpoena or otherwise) as Protected Material.

6. <u>Receiving Party</u>:  "Receiving Party" means a Party that receives Material or Discovery Material or Protected Material from a Producing Party.

/////

/////

7. <u>Producing Party</u>:  "Producing Party" means a Party or non-party that produces or discloses Material, Discovery Material or Protected Material in this action.

8. <u>CONFIDENTIAL MATERIAL</u>:  "CONFIDENTIAL MATERIAL" means Material that qualifies for protection under Federal Rule of Civil Procedure 26(c); and/or Material which the Designating Party reasonably believes in good faith contains the Parties' confidential and proprietary information or material constituting a trade secret, the release of which the Designating Party reasonably believes in good faith would harm its business; and/or Material which is protected from disclosure by federal constitutional, statutory and common law, or state law incorporated or acknowledged by federal law, including, but not limited to, rights of privacy of the parties to this action and of third parties.

9. <u>Counsel</u> (without qualifier):  "Counsel" means Outside Counsel of Record (as well as their support staff).  "Outside Counsel of Record" shall mean attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

10. <u>House Counsel</u>: "House Counsel" means attorneys who are employees of a Party to this action, such as in-house or County Counsel.

11. <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a non-testifying consultant in this action, (2) is not a current or past employee of a Party or a current employee of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

12. <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>: "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material is extremely sensitive Material, disclosure of which to another Party or Non-Party would create a

substantial risk of serious harm that cannot be avoided by less restrictive means.

13. <u>"HIGHLY CONFIDENTIAL – SOURCE CODE"</u>:  "HIGHLY CONFIDENTIAL – SOURCE CODE" Material is extremely sensitive Material representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that cannot be avoided by less restrictive means.

14. <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

15. <u>Protected Material</u>:  Any Material or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

## DESIGNATION OF CONFIDENTIAL, Highly confidential – ATTORNEYS' EYES ONLY, and HIGHLY CONFIDENTIAL – SOURCE CODE MATERIAL

16. <u>Criteria for Classification of CONFIDENTIAL Material</u>:

Any Party or Non-Party may designate any Material as "CONFIDENTIAL" in accordance with the provisions of this Protective Order so long as the Party or Non-Party believes in good faith that the information so designated meets the definition of "CONFIDENTIAL" set forth in this Protective Order.

17. <u>Criteria for Classification of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Material</u>:

Any Party or Non-Party may designate any Material as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in accordance with the provisions of this Protective Order so long as the Party or Non-Party believes in good faith that

the information so designated contains or discloses information that is of an extremely high degree of current commercial sensitivity and/or would provide a competitive advantage to its competitors if disclosed to them.

18. <u>Criteria for Classification of HIGHLY CONFIDENTIAL – SOURCE CODE Material:</u>

Any Party or Non-Party from whom Material is sought may designate any Material as HIGHLY CONFIDENTIAL – SOURCE CODE in accordance with the provisions of this Protective Order so long as the Party or Non-Party believes in good faith that the information so designated contains or discloses information that is of an extremely high degree of current commercial sensitivity and/or would provide a competitive advantage to its competitors if disclosed to them.

19. <u>Time of Designation</u>

Unless otherwise agreed between Counsel for the Parties, or as otherwise specified herein, the designation of "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE" Material shall be made at the following times:

   a. For documents, electronically-stored information, or tangible things, Producing Party shall designate such Materials consisting of production of documents or things as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" at the time of production.

   b. For declarations, exhibits, correspondence, expert witness reports, written discovery responses, court filings, pleadings, and other documents, at the time of service or time of filing, whichever occurs first, subject to the provisions of paragraph 30 below;

   c. For testimony, at the time such testimony is given by a statement designating the testimony as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"

made on the record, or within twenty (20) days after receipt of the transcript of the testimony as set forth herein.  A Party also has the right to exclude any individuals who are not qualified to receive Protected Information prior to the use and/or discussion of such Protected Information during testimony (for example, by having such persons leave the room during a deposition while Protected Information is being discussed).  Any Party seeking to use Protected Information during testimony must therefore give reasonable notice of the intent to use Protected Information prior to its introduction so that any required exclusions may take place.

      d.    <u>Inadvertent Failures to Designate</u>.  If timely corrected after discovery of an inadvertent failure to designate Material, such an inadvertent failure does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such Material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that such Material is treated in accordance with the provisions of this Protective Order.

    20.    <u>Manner of Designation</u>

The designation of "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Material shall be made in the following manner:

      a.    For documents, Producing Party shall place the notation "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – SOURCE CODE," on each page of such document.;

      b.    For tangible things, by placing the notation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" on the object or container thereof or if impracticable, as otherwise agreed by the Parties;

      c.    For electronically-stored information, by placing the notation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" on the CD, DVD,

6

removable drive, or other physical medium on which the electronically-stored information is produced or if impracticable, as otherwise agreed by the Parties;

      d.      For declarations, exhibits, correspondence, expert witness reports, written discovery responses, court filings, pleadings, and any other documents by placing the notation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" on any particular designated pages of such document, subject to the provisions of paragraph 30 below; and

      e.      For testimony, by orally designating such testimony as being "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" at the time the testimony is given.  Alternatively, if a question asked at a pretrial deposition elicits Material that is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE," Counsel for the Party seeking confidential treatment of that information shall within twenty (20) days after receipt of the transcript of the deposition notify all other Counsel on the record or in writing that the information provided in such answer or question is considered "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," and designate the specific portions or the entirety of the transcript of such deposition, which shall thereafter be subject to the provisions of this Protective Order.  Prior to the expiration of this twenty (20) day period, deposition transcripts will be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Thereafter, the original and all copies of the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" portions of the transcript of any such testimony shall be separately bound and marked

/////

by the Court Reporter with an appropriate legend and shall be disclosed only in accordance with the provisions of this Protective Order.

      21.     <u>Resolution Of Disputes Regarding Designation</u>

          a.     The acceptance by a Party of Material marked as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall not constitute an admission or concession or permit an inference that such designation is appropriate. However, Material marked as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be treated as designated unless the Parties follow the procedures set forth below to remove, change or otherwise declassify the designation:

          b.     The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of the notice described herein. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

          c.     A Challenging Party that elects to pursue a challenge to a confidentiality designation after considering the justification offered by the Designating Party during the meet and confer process may file and serve a motion that

identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.  Until the Court rules on the challenge, all parties shall continue to afford the Material in question the level of protection to which it is entitled under the Designating Party's designation.

## **ACCESS TO PROTECTED MATERIAL**

22. Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this action only for prosecuting, defending, or attempting to settle this action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

23. The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

24. Disclosure of CONFIDENTIAL Material to Qualified Persons

CONFIDENTIAL Material may be disclosed and copies may be provided by the Receiving Party only to the following "Qualified Persons":

   a. A Party's Outside Counsel of Record and/or House Counsel in this action (including their paralegal, clerical, and secretarial staff) who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

/////

   b. A Party's representatives or employees whose assistance is required by the Party's Counsel and/or House Counsel for the purposes of this litigation, including but not limited to, an officer, director, or employee of a Party deemed necessary by the Party's Counsel and/or House Counsel to aid in the prosecution, defense, or settlement of this action, who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

   c. Any Non-Party support services including, but not limited to, outside copying services, document imaging and database services, graphics and design services, jury and trial consulting services (including mock jurors), court reporters, mediators and arbitrators who are not members of the Court, and any other non-Expert related support personnel whose services are reasonably necessary to assist Counsel in connection with this action, who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

   d. Experts (together with their clerical staff) retained by a Party or Counsel as necessary or useful for the preparation, prosecution or defense of this action, who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

   e. The Court, its clerks and employees, and any court reporter retained to record proceedings before the Court;

   f. During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court; and

   g. Any other person as to whom the Parties agree in writing.

 It shall be the responsibility of Counsel who provides the CONFIDENTIAL Material to Qualified Persons to provide copies of this Protective Order to such persons.

/////

25. <u>Disclosure of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Material to Qualified Persons</u>

Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed and copies may be provided by the Receiving Party only to the following "Qualified Persons":

    a. A Party's Outside Counsel of Record (including the paralegal, clerical, and secretarial staff employed by such counsel) in this action who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

    b. Any Non-Party support services including, but not limited to, outside copying services, document imaging and database services, graphics and design services, jury and trial consulting services (including mock jurors), court reporters, mediators and arbitrators who are not members of the Court, and any other non-Expert related support personnel whose services are reasonably necessary to assist Counsel in connection with this action who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

    c. Experts (together with their clerical staff) retained by a Party or Counsel as necessary or useful for the preparation, prosecution or defense of this action, who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

    d. The Court, its clerks and employees, and any court reporter retained to record proceedings before the Court;

    e. During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court; and

    f. Any other person as to whom the Parties agree in writing.

/////

It shall be the responsibility of Counsel who provides the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Material to Qualified Persons to provide copies of this Protective Order to such persons.

26. <u>SOURCE CODE</u>

a. To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE."

b. Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed.

c. Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched and allowing the software to be run and executable during normal business hours or at other mutually agreeable times, at an office of Downey Brand LLP in the case of AtPac source code, and, in the case of any Defendants' source code, where the source code is maintained in the ordinary course of business as long as that location is reasonably accessible to Plaintiff's representatives authorized to view the source code, or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

d. The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings,

pleadings, expert reports, or other papers, or for deposition, mediation, arbitration, or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance.  The Producing Party shall respond in whole or in part, and/or object to the request.  If the Requesting Party is unsatisfied with the response, it may challenge the response pursuant to the dispute resolution procedure and timeframes set forth herein.

    e. The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form.  The Receiving Party shall maintain all copies of any printed portions of the source code in a secured area.  The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation or resolution of its case.  Any paper copies used during a deposition shall be retrieved by Counsel for the Party using the paper copies for its examination at the end of each day of deposition and paper copies cannot be given to or left with a court reporter or any other individual, except that one copy shall be provided to the court reporter as a deposition exhibit to be treated as provided for by this Protective Order.

    f. The Receiving Party shall not create any electronic or other images of any paper copies, and shall not convert any of the information contained in the paper copies, into electronic format without the advance written permission of the Producing Party.

  27. <u>Additional Authorized Disclosure</u>

  Notwithstanding any other provisions of this Protective Order, Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed and copies may be provided:

/////

/////

      a.     To persons who can be shown from the face of the document to have authored, prepared, or received the Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY";

      b.     To any other persons with the prior written consent of the Designating Party; and

      c.     To any other persons with the prior authorization of the Court.

## USE OF PROTECTED MATERIAL

28. Any use of Protected Material at trial shall be governed by a separate agreement or protective order, subject to approval by the trial judge. The trial judge retains full authority to make any and all determinations regarding whether any material used at trial will be sealed or otherwise kept from public view.

29. Material designated as ""CONFIDENTIAL" or "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—SOURCE CODE" and all copies, summaries, abstracts, excerpts, and descriptions of such Material, if permitted by this Order to have been created, shall be held in confidence by the Parties, shall be used only by persons permitted access to it under this Protective Order, shall not be disclosed by any Party unless allowed under the terms of this Protective Order, and shall not be used for any purpose other than in connection with this action, including, but not limited to, personal, business, or competitive purposes, or for other lawsuits, claims or actions of any kind.

30. Where a Party seeks to submit any Protected Material, or any copies, summaries, abstracts, excerpts, or descriptions of such Material covered by this Order, in documents to be filed with the Court, the Party will comply with Rule 141 of the Local Rules of the United States District Court for the Eastern District of California in seeking to file records under seal. If such motion to file under seal is denied, a Party may not file in the public record in this action any Protected Material without the advance written permission of the Designating Party or a court order secured after appropriate notice to the Designating Party.

31.     Nothing in this Protective Order shall affect the admissibility into evidence of Protected Material, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.  This Protective Order is without prejudice to any Party seeking an Order from this Court imposing further restrictions on the use or dissemination of Protected Material or seeking to rescind, modify, alter, or amend this Protective Order with respect to specific information.  Nothing in this Protective Order shall prevent any Designating Party from using or disclosing its own Protected Material as it deems appropriate.

32.     The designation of Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" by a Party, or the failure by a Party to object to the designation of Material as such, shall not operate as a determination or admission that such Material does or does not constitute a trade secret, or other confidential or proprietary information of the Designating Party.

33.     Nothing herein shall be construed to prevent disclosure of Protected Material if such disclosure is required by law or by order of the Court.  However, if a Party or Non-Party bound by this Order is served with a subpoena or other legal process, or an order is issued in other proceedings, litigation or arbitration that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party or Non-Party must:

    a.     Promptly notify the Designating Party in writing.  Such notification shall include a copy of the subpoena or court order;

    b.     Promptly notify the party who caused the subpoena or order to issue in the other litigation in writing that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

c. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

d. If the Designating Party timely seeks a protective order, the Party or Non-Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court or tribunal from which the subpoena or order issued, unless the Party or Non-Party has obtained the Designating Party's written permission to produce the information in question. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## RETURN OF DOCUMENTS OR INFORMATION

34. No later than sixty (60) days after final disposition of this action, as defined in paragraph 36 below, each Party or other individuals subject to this Protective Order shall be under an obligation to destroy or return to the Designating Party, at their request, any Material designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" subject to this Protective Order that is in his, her, or its possession, custody or control, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Notice of the destruction or return of any such Material shall be made by Counsel, or an otherwise authorized representative of the person providing notice, in writing, and notice of receipt thereof shall be acknowledged in writing. Notwithstanding the foregoing provisions of this Paragraph, Counsel shall be entitled to retain archival litigation documents containing Protected Material which become part of the Court's record of this action, including pleadings, briefs, and exhibits. Any

such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

## RIGHT TO ASSERT OTHER OBJECTIONS

35. This Protective Order shall not be construed as waiving any prospective right to assert a claim of privilege, relevance, or other grounds for not producing or disclosing any Material.

## SURVIVAL

36. All obligations and duties arising under this Protective Order shall survive the final disposition of this action until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. The Parties and all signatory Non-Parties consent to the Court retaining jurisdiction over the Parties hereto with respect to any dispute regarding the improper use of Material designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" and disclosed pursuant to this Protective Order.

## AMENDMENT OF PROTECTIVE ORDER

37. This Protective Order may be amended by the written stipulation of the Parties approved by the Court upon a showing of good cause, or by the Court. Pending the determination of a request for modification or amendment of this Order, the Parties shall treat any documents and information at issue or in dispute as Material designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

/////

/////

EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" under this Protective Order until a decision is rendered by the Court.

**IT IS SO ORDERED.**

Dated: December 9, 2010.

_____
U.S. MAGISTRATE JUDGE