IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ATPAC, INC.,

        Plaintiff,                                   No. CIV S-10-294 WBS JFM (TEMP)

    vs.

APTITUDE SOLUTIONS, INC., et al.,

        Defendants.                        <u>ORDER</u>

_____/

        Pending before the court are letter briefs from the parties regarding a dispute which has arisen regarding interpretation of the order entered by the court on plaintiff's motion to compel on November 18, 2010. Dkt. nos. 56, 75, 76, 77, 90. Up to the time of hearing on the motion to compel, defendants failed to produce any kind of privilege log and made only boilerplate privilege claims in response to the propounded discovery. The order on the motion to compel was clear and unambiguous. Paragraph two of the order determined that "[d]efendants have failed to preserve their claim of privilege. <u>See</u> Fed. R. Civ. P. 26(b)(5)(A)(ii). Objections based on privilege, even if made in defendants' initial responses to discovery, are overruled." Dkt. no. 56. The court also directed the parties to submit a proposed protective order, to be applied prospectively, and the protective order entered by the court on December 10, 2010 specifically noted that the protective order should not be construed as waiving any prospective

1

right to assert a claim of privilege. Dkt. no. 70, ¶ 35. Under these circumstances, it is apparent that the temporal scope of the waiver of privilege found by the court in the November 18, 2010 is limited to documents which were in existence at the time of the order.

Plaintiff's briefing fails to demonstrate circumstances warranting a forensic examination of defendants' and their counsel's computer systems to assure production of the documents which this court has ordered produced. Although it appears there has been some foot dragging on the part of defendants, the record does not support plaintiff's assertion that defendants have willfully and repeatedly violated the court's discovery order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for forensic examination is denied.

2. The temporal scope of the waiver of privilege is limited to documents existing at the time of the November 18, 2010 order.

3. Billing records need not be produced as those documents are not likely to lead to the discovery of admissible evidence.

DATED: May 2, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

JMM
atpac2.oah